IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CHALWILL POTTER

   Plaintiff

         v.

HECTOR LEDESMA, ET AL

   Defendants

**Civil No. 07-1060 (SEC)**

## OPINION & ORDER

Before this Court is a Motion to Dismiss (Docket # 25) filed by Hector Ledesma, Carlos Martinez, Harold Sutherland, and FNU Rivera (collectively "Defendants"), and Plaintiff's opposition thereto (Docket # 37). After reviewing the filings, and the applicable law, the appearing Defendants' Motion to Dismiss will be **GRANTED**.

**Factual & Procedural Background**

Plaintiff, a prisoner proceeding *pro se*, filed this action seeking monetary relief against the abovementioned Defendants for their alleged failure to provide medical treatment to him after he injured his finger with the closing of a cell door. His allegations are as follows:

> I suffered a personal injury, in a door closing incident that caused permanent damage, restricted movement, and scarring to my finger on my right hand. I reported [the] same to all named and unnamed defendants, seeking [medical treatment] and replacement or modification of [the] door. **I received no medical treatment.** Although I am an insulin dependent diabetic. I suffered through, the loss of nail, and many painful, and sleepless nights. To date, no adequate treatment was afforded, or a reasonable offer commensurate with my injuries was made. Clear Medical Indifference/negligence.

Docket # 2, p. 5 (emphasis added). Shortly after the complaint was filed, Defendants filed a first Motion to Dismiss (Docket # 9) on the grounds that his claim was based on a tort claim covered exclusively by the Federal Tort Claims Act ("FTCA"), and that said act exclusively affords

**CIVIL NO. 07-1060 (SEC)**                                                                                          Page 2

relief against the United States of America ("United States"). This Court then granted partial judgment in favor of the individual Defendants in as much as Plaintiff's tort claim. See Docket # 12. However, this Court noted that Plaintiff could bring FTCA claims against the United States, as well as 42 U.S.C. § 1983 claims against the individual defendants, for violations of his constitutional rights associated with the alleged denial of health care. Plaintiff was then afforded the opportunity to amend his complaint to include facts that would allow the case to proceed as a cognizable cause of action, and include the United States as a party for purposes of the FTCA.

The Amended Complaint included a summons for the United States, however, Plaintiff failed to include any new facts, or proffer additional allegations. Accordingly, Defendants filed the Motion to Dismiss presently before this Court, arguing that Plaintiff's Amended Complaint: 1) has failed to comply with this Court's order to include a FTCA complaint against the United States; 2) that his claim that no treatment was provided to him is facially false[1]; 3) and that there are no allegations of negligence or breach of constitutional rights in the Amended Complaint. See Docket # 25.

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[2] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's

---

[1] Despite the fact that this case is at the motion to dismiss stage, Defendants have provided a copy of Plaintiff's medical record prepared by his treating physician Ada I. Rivera, M.D.. See Docket # 25-2. This is unorthodox, but responds to Plaintiff's specific allusion to his medical record in the affidavit (Docket # 24-2) accompanying his Motion to Dismiss.

[2] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Twombly, 127 S. Ct. at 1964.

**CIVIL NO. 07-1060 (SEC)**                                                                                                      Page 3

favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. at 1965; see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

**CIVIL NO. 07-1060 (SEC)**                                                                                        Page 4

Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

Moreover, "[w]hile plaintiffs are not held to higher pleading standards in § 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." Marrero-Gutierrez v. Molina, et al., 491 F.3d 1, 9 (1st Cir. 2007). However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafter by lawyers." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); see also Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594 (1972).  When the plaintiff is proceeding *in forma pauperis,* under 28 U.S.C. § 1915(e)(2), this Court must review the claims set forth in the Complaint and dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." This occurs when a plaintiff's factual contentions are clearly baseless, or the legal theory is indisputably meritless. Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993).

**Discussion**

*Request for Counsel*

In his pleadings, Plaintiff has repeatedly petitioned this Court to appoint him counsel based upon his indigent status and lack of knowledge of the law. However, this Court has neither the means, nor the obligation to appoint counsel for indigent plaintiffs.  A consensus exists that no constitutional or statutory right exists for an indigent to compel a court to appoint counsel. See, e.g, Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (citing Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980)). In the First Circuit, a Plaintiff must demonstrate exceptional circumstances in order for a court to appoint counsel in civil rights cases. Bemis v. Kelly, 857 F.2d 14, 15 (1st Cir.1988).  These circumstances do not exist in the case at hand. Accordingly, Plaintiff's request for counsel is hereby **DENIED**.

**CIVIL NO. 07-1060 (SEC)** Page 5

*Section 1983*

The Eight Amendment proscribes government officials from acting with ". . . deliberate indifference to serious medical needs of prisoners . . ." because this constitutes an unnecessary infliction of pain. Estelle, 429 U.S. at 104-105. However, ". . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 106. Deliberate indifference is required for a constitutional claim to prosper. Id. at n. 14. This may manifest itself through the denial of care, or delaying care, when there is actual knowledge of a prisoner's need for treatment, but not when there is a disagreement on the appropriate course of treatment. Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006).

Plaintiff alleges he was denied care (Docket # 2, p. 5), and at the same time seeks this Court's assistance in reviewing his medical records. Defendants have responded by producing part of Plaintiff's medical record while a prisoner at Metropolitan Detention Center, Guaynabo, which clearly shows he received treatment from Dr. Aida I. Rivera. See Docket # 25-2. Plaintiff's opposition to the Motion to Dismiss does not deny the veracity of this document, nor does it present any additional argumentation regarding his core allegation. In fact, his Amended Complaint contains no facts at all regarding the controversy.

In light of the fact that no other facts were plead supporting Plaintiff's claims that Defendants withheld medical care from him, there is no possibility of determining the existence of a constitutional violation of the Eight Amendment. Aware that Plaintiff is *pro se*, this Court allowed him to amend his compliant in order to bring cognizable causes of action against Defendants. However, even given such an opportunity, Plaintiff failed to sketch even the most rudimentary of factual allegations. Accordingly, this Court finds Plaintiff's Section 1983 claims

**CIVIL NO. 07-1060 (SEC)**                                                                                                 Page 6

for violations of his constitutional rights to be completely frivolous. Accordingly, they will be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) .

*FTCA*

28 U.S.C. § 1346(b) of the FTCA allows for tort claims against the federal government ". . . in circumstances in which a private individual would be liable 'in accordance with the law of the place where the act or omission occurred.'" Dantone v. Bhaddi, 570 F.Supp.2d 167, 172 (D.Mass 2008) (citing McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir.2006)). In Puerto Rico, malpractice is governed by Article 1802 of the Civil Code of Puerto Rico, which provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. For an Article 1802 claim to prosper, a Plaintiff must plead facts that would allow a reasonable factfinder to believe that a defendant's negligent or intentional acts caused a tangible harm to the plaintiff.

Taking into consideration that the Plaintiff in the case at bar is *pro se*, this Court allowed him to amend his claim in order to both plead additional facts, and include the United States as an additional party. The Amended Complaint failed to include additional facts regarding Defendants' negligence under the FTCA. Accordingly, Plaintiff's only allegation regarding Defendants' negligence is that he was denied treatment. This Court has found that this has been called into serious doubt, and there are no other alleged facts to support any claim for recovery under Article 1802. Because of its complete lack of detail and plausibility included in the Complaint and the Amended Complaint, this Court finds the FTCA cause of action against the United States to be frivolous. Accordingly, it will be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2).

**CIVIL NO. 07-1060 (SEC)** **Page 7**

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. As such, Plaintiff's Section 1983 and FTCA claims against the federal government and the individual defendants are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**
San Juan, Puerto Rico, this 17th day of June, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge